c

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **TYVON TURNER (#710403), Plaintiff** | **CIVIL ACTION NO. 1:17-CV-922-P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN DEVILLE, *ET AL.*, Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

## REPORT AND RECOMMENDATIONS

Before the Court is a Motion for Summary Judgment (Doc. 19) filed by Defendant Warden James Deville ("Deville"). The motion is unopposed. Because there is no genuine dispute as to any material fact, Deville's Motion for Summary Judgment (Doc. 19) should be GRANTED.

## I. Background

*Pro se* plaintiff Tyvon Turner ("Turner") filed a civil rights complaint under 42 U.S.C. § 1983, *in forma pauperis*. (Doc. 1, pp. 1-8). Turner is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Id., p. 5. Turner names as Defendants Deville and Officer Bobby Toler ("Toler"), in their individual and official capacities.[1] Id., p. 3. Turner alleges he was subjected to excessive force in violation of the United States Constitution. Id., pp. 6-8.

[1] Service was returned unexecuted as to Toler. (Doc. 11, p. 2).

Turner asserts that on January 18, 2017, around 6:00 a.m., he and other offenders housed in the Elm Unit, Wing D-2, were instructed to go into the television viewing room while corrections officers conducted a "shakedown" (search) of Turner's bed area. Id., p. 5. Turner alleges Toler entered the television room, approached him, and instructed him to get up and exit the room. Id. Turner claims Toler aggressively placed his hands around his shoulder and neck area and forcefully pushed him through the door. Id. Turner contends Toler instructed him to get on his knees and slammed Turner's head into a concrete wall on the main floor of the Elm housing unit. Id.

Turner claims he experienced cervical, head, and upper body pain, and sustained abrasions, scrapes, and swelling on his forehead. Id. Turner sought emergency medical treatment on January 19, 2017, for severe headaches and sleeplessness. Id. Turner claims he fainted and collapsed. Id. He was examined by a prison nurse and taken to Winnfield Medical Center where he was examined, x-rayed, and given an intramuscular injection for pain. Id., p. 6. Turner contends he now experiences severe headaches and fears being around Toler. Id.

Turner asserts Toler has been terminated in the past for excessive force against offenders. Id. Turner claims Deville has a well-known custom and practice that condones corporal punishment of offenders and fails to discipline or investigate his subordinates, such as Toler. Id.

Turner claims violation of the Eighth Amendment proscription against cruel and unusual punishment. Id. Turner asserts Toler committed the tort of assault and

battery under state law. Id., p. 7. Turner further claims deliberate indifference for intentionally failing to act upon knowledge of his subordinates' illegal acts. Id. Turner also asserts state claims against Deville under Louisiana Civil Code article 2315. Id. Turner seeks an injunction ordering Deville to "cease his inactions of failing to act, discipline, prosecute, or correct his subordinates that engage in the unlawful use of force and/or corporeal punishment." Id., p. 8. Turner also seeks compensatory damages and punitive damages. Id., p. 8.

Deville answered the Complaint, asserting various affirmative defenses. (Doc. 12, pp. 1-6). Deville now seeks summary judgment as to all claims. (Doc. 19).

## II. Law and Analysis

### A. Standards governing the Motion for Summary Judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[2]

[2] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir.), cert. denied, 528 U.S. 906 (1999) (internal citations omitted). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Hefren v. McDermott, Inc., 820 F.3d 767, 771 (5th Cir. 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the nonmovant. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then offer evidence sufficient to establish a genuine issue of material fact. Herrera v. Millsap, 862 F.2d 1157, 115 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992).

B. Turner fails to establish any genuine issue of material fact as to Deville's supervisory liability under 42 U.S.C. § 1983.

Turner faults Deville for the alleged excessive force of his subordinates. (Doc. 1, pp. 6-7). There is no other discernable claim against Deville under § 1983 other than supervisor liability.

In support of his motion, Deville presented a statement of undisputed facts and Turner's deposition (Docs. 19-2, pp. 1-2; 19-4, pp. 1-27). Turner has not filed an opposition to Deville's motion. The Court deems admitted the following undisputed facts:

1) Turner has never had any contact with Deville.
2) There is no evidence of Deville's knowledge, actions, or inactions, other than hearsay comments made to Turner by other unnamed inmates.
3) There is no evidence of Deville's deliberate indifference or that there was a pattern of similar violations.
4) There is no evidence that Deville disregarded a known or obvious consequence of his actions.
5) There is no evidence to support the assumptions and speculative statements made about Deville.
6) There is no testimony or evidence to establish any element of a direct negligence claim made against Deville.
7) There is no evidence to show that any action or inaction of Deville caused the misconduct at issue.

(Doc. 19-2, pp. 1-2).

"There is no vicarious or *respondeat superior* liability of supervisors under section 1983." Rios v. City of Del Rio, 444 F.3d 417, 425 (5th Cir. 2008). "A supervisory official may be held liable under § 1983 only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." Gates v. Texas Dep't of Protective & Regulatory Servs., 537 F.3d 404, 435

(5th Cir. 2008). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381 (5th Cir.), cert. denied, 464 U.S. 897 (1983). "In order to establish supervisory liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011) (emphasis in original) (citation omitted).

Turner fails to establish genuine issues as to any material fact that Deville either personally participated in alleged constitutional violation on January 18, 2017, or implemented unconstitutional policies resulting in the alleged constitutional injury. Viewing the facts in a light most favorable to Turner, Turner fails to meet his evidentiary burden to establish supervisor liability under 42 U.S.C. § 1983. Deville is entitled to summary judgment.

C. State Law Claims

When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c); see Priester v. Lowndes County, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted). As a general rule, state claims should be dismissed when the federal claims to which they are pendent are dismissed. Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992). Accordingly, Turner's state tort claims should be dismissed without prejudice.

## III. Conclusion

Based on the foregoing,

IT IS RECOMMENDED that Deville's Motion for Summary Judgment (Doc. 19) be GRANTED.

IT IS FURTHER RECOMMENDED that Turner's § 1983 claims against Deville be DISMISSED WITH PREJUDICE, and that Turner's remaining negligence claims be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 3rd day of July, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge